United States District Court
Southern District of Texas
**ENTERED**
November 27, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CVR ENERGY, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CASE NO. 4:17-cv-1284 |
| AMERICAN ZURICH INSURANCE | § | |
| COMPANY; ZURICH AMERICAN | § | |
| INSURANCE COMPANY; and | § | |
| AMERICAN GUARANTEE & | § | |
| LIABILITY INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| *Defendants*. | § | |

## REPORT AND RECOMMENDATION
## ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) is Defendants' motion for summary judgment, ECF No. 45. Based upon the parties' filings,[1] the arguments presented at hearing, and the applicable law, the Court RECOMMENDS that the motion be DENIED.

### BACKGROUND

Much of the background information pertaining to this case is contained in the Court's report and recommendation on Defendants' motion to dismiss, *CVR Energy, Inc. v. Am. Zurich Ins. Co.*, 2018 WL 1472693 (S.D. Tex. Feb. 12, 2018) (hereinafter,

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court hereby GRANTS Defendants' "Motion for Leave to File Supplemental Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment," ECF No. 60.

1

"*February R&R*"), *adopted*, 2018 WL 5311749 (S.D. Tex. Oct. 26, 2018), and need not be repeated here.

This case concerns three insurance policies: (1) a Worker's Compensation and Employers Liability Policy (the "WC/EL Policy") issued by Defendant American Zurich Insurance Company ("AZIC"), ECF No. 45-2; (2) a Commercial General Liability Policy (the "CGL Policy") issued by Defendant Zurich American Insurance Company ("ZAIC"), ECF No. 45-1; and (3) a Commercial Umbrella Liability Policy (the "Umbrella Policy") issued by Defendant American Guarantee & Liability Insurance Company ("AGLIC"), ECF No. 45-3. Plaintiff CVR Energy, Inc. ("CVR Energy") is a named insured under all three policies. *See February R&R*, 2018 WL 1472693 at *1.

In September 2013, a wrongful death lawsuit was filed against CVR Energy and other entities in Texas state court. *Id.* at *2; ECF No. 45-4 (Original Petition, filed Sept. 30, 2013). The plaintiffs in that lawsuit subsequently amended their petition six times. *February R&R*, 2018 WL 1472693 at *2–*3; ECF No. 45-5 (First Amended Petition, filed Sept. 17, 2014); ECF No. 45-6 (Second Amended Petition, filed Nov. 7, 2014); ECF No. 45-7 (Third Amended Petition, filed Apr. 6, 2015); ECF No. 45-8 (First Supplemental Petition, filed May 29, 2015); ECF No. 45-9 (Fourth Amended Petition, filed Sept. 14, 2015); ECF No. 45-10 (Fifth Amended Petition, filed Sept. 15, 2015). In April of 2017, CVR Energy commenced this lawsuit, alleging, inter alia, that Defendants breached their duty to defend CVR Energy and related entities in connection with the state court litigation.

**SUMMARY JUDGMENT STANDARD**

Federal Rule of Civil Procedure 56 provides for summary judgment when the moving party shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). When deciding a motion for summary judgment, a court must view the evidence in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008). The party moving for summary judgment bears the initial burden of production. *Celotex*, 477 U.S. at 330–31. "If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by 'showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.'" *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010) (quoting *Celotex*, 477 U.S. at 325). If the moving party fails to meet this initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response. *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008).

**DISCUSSION**

Defendants advance several arguments in support of their motion for summary judgment. None has merit.

**I. The CGL Policy's Employer's Liability Exclusion**

Defendants maintain that CVR Energy and related entities are excluded from coverage under the CGL Policy (and the Umbrella Policy) with respect to the alter ego allegations in the Fourth and Fifth Amended Petitions, and they seek a summary judgment declaration to that effect. Defendants argue that, to the extent CVR Energy and related

3

entities are "employers" for purposes of coverage under the WC/EL Policy with respect to the alter ego allegations in the underlying state court lawsuit, they must also be treated as "employers" with respect to those allegations for purposes of the CGL Policy's Employer's Liability Exclusion. ECF No. 45, pages 11–15. For this argument to succeed, as Defendants acknowledge, it must be that the WC/EL Policy's coverage provision and the CGL Policy's exclusion are perfectly complementary with respect to the alter ego employment allegations in the state court lawsuit. In other words, for Defendants to prevail, there must be no overlapping coverage as between the WC/EL Policy and the CGL Policy with respect to the alter ego allegations in the Fourth and Fifth Amended Petitions. While Defendants' contention that the two policies must be read in this manner has some superficial appeal, it is ultimately unconvincing.

Neither the WC/EL Policy's scope of coverage provision[2] nor the CGL Policy's Employer's Liability Exclusion[3] expressly references claims based on alter ego

---

[2] The WC/EL Policy states, in pertinent part: "This employers liability insurance applies to bodily injury by accident . . . . The bodily injury must arise out of and in the course of the injured employee's employment by you. . . . We will pay all sums that you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance. . . . We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance." ECF No. 45-2, pages 19–20.

[3] The CGL Policy states, in pertinent part: "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' . . . to which this insurance does not apply." ECF No. 45-1, page 43. The CGL Policy's Exclusions section states that "[t]his insurance does not apply to," inter alia:

  e. Employer's Liability
    "Bodily injury" to:
     (1) An "employee" of the insured arising out of and in the course of:
       (a) Employment by the insured; or
       (b) Performing duties related to the conduct of the insured's business; or

employment, and neither policy "is worded so that it can be given a definite or certain legal meaning" in this regard. *See Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 157 (Tex. 2003); *see also February R&R*, 2018 WL 1472693 at *8 (explaining that a claim of alter ego employment "is a theory of vicarious liability, imposing liability on one legal entity for the acts of another"). Accordingly, the policies are ambiguous as to whether they cover those claims. *See Kern v. Sitel Corp.*, 517 F.3d 306, 309 (5th Cir. 2008) ("A contract . . . is ambiguous when its meaning is uncertain and doubtful or it is reasonably susceptible to more than one meaning." (quoting *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983))).

Under Texas law, if an insurance policy is ambiguous and susceptible to more than one reasonable interpretation, it must be construed in favor of the insured. *Wells v. Minnesota Life Ins. Co.*, 885 F.3d 885, 890 (5th Cir. 2018); *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 859 (5th Cir. 2014); *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 666 (Tex. 1987). If an ambiguity "involves an exception or limitation on [the insurer's] liability under the policy, an even more stringent construction is required." *Lawyers Title Ins. Corp.*, 739 F.3d at 859 (quoting *Barnett*, 723 S.W.2d at 666). "When the disputed provision is an exclusion, the insurer has the burden of establishing

---

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract."

ECF No. 45-1, page 44.

that the exclusion applies." *Id.* Furthermore, the court "must adopt the 'construction of an exclusionary clause urged by the insured as long as that construction is not itself unreasonable, even if the construction urged by the insurer appears to be more reasonable or a more accurate reflection of the parties' intent.'" *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel LLC*, 620 F.3d 558, 563 (5th Cir. 2010) (quoting *Glover v. Nat'l Ins. Underwriters*, 545 S.W.2d 755, 761 (Tex. 1977)).

Against these rules of construction, Defendants' argument must fail. Defendants put forth no compelling reason why the ambiguities in the WC/EL Policy and the ambiguities in the CGL Policy should not all be resolved in favor of coverage of the alter ego employment claims. Indeed, the fact that Texas law requires applying a more stringent standard to the CGL Policy's exclusionary provision demonstrates that both policies can and should be construed in favor of coverage. The Court need not adopt a definitive construction of the policies at this time. It suffices to conclude that Defendants, having failed to demonstrate their entitlement to judgment as a matter of law, cannot obtain summary judgment on this basis. In addition, whether or not the CGL Policy provides coverage with respect to the defense of the Fourth and Fifth Amended Petitions, it is clear that Defendant AZIC had a duty to defend against the Fourth and Fifth Amended Petitions under the WC/EL Policy. *See February R&R*, 2018 WL 1472693 at *8. This litigation will thus continue regardless of whether Defendant ZAIC had a duty to defend against those same petitions under the CGL Policy. (ZAIC has a duty to defend other defendants in the state-court lawsuit under the CGL Policy with regard to the earlier petitions. *See February R&R*, 2018 WL 1472693 at *1 n.3, *6 n.6.) Given the complex and intertwined nature of

the claims involved in this suit, disposing of the issue of coverage under the CGL Policy as to the Fourth and Fifth Amended Petitions will not meaningfully advance the orderly and expeditious resolution of this case. *See Powell v. Radkins*, 506 F.2d 763, 765 (5th Cir. 1975) ("Assuming arguendo that plaintiff is correct in her contention that with respect to some issues there were no material disputed issues of fact, it was not mandatory that the court grant partial summary judgment on all such issues. This is a complex case, with numerous defendants and intricately intertwined theories of liability. . . . A court, in its discretion in shaping the case for trial, may deny summary judgment as to portions of the case that are ripe therefor, for the purpose of achieving a more orderly or expeditious handling of the entire litigation.").

Summary judgment on this basis should be denied.

## II.  Allocation of Defense Costs

Defendants also seek summary judgment on grounds that Plaintiff CVR Energy has purportedly failed to meet its burden of allocating defense costs among itself and related entities, and between the WC/EL and CGL policies. ECF No. 45, pages 15–22.

Assuming *arguendo* that CVR Energy has the burden of "present[ing] some evidence affording the jury a reasonable basis on which to allocate" defense costs, *cf. Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167 (5th Cir. 2018) (quoting *Lyons v. Millers Cas. Ins. Co. of Tex.*, 866 S.W.2d 597, 601 (Tex. 1993)), it has met that burden. In response to Defendants' motion for summary judgment, CVR Energy provided the sworn declaration of Lee M. Smithyman, ECF No. 49-1, who has served as the lead counsel for CVR Energy and other defendants in the state court

lawsuit since service of the original petition. In his declaration, Smithyman avers, based on his personal knowledge, that:

> 7. The total defense costs incurred by the CVR Entities in the Mann-Smith Litigation were no more than a negligible amount greater, if at all, than those defense costs which would have been expended if CVR Energy had been the sole defendant.
>
> 8. Defense costs incurred in defending CVR Refining did not add to the defense costs that would have been incurred on behalf of CVR Energy alone, except for some negligible amount. Any defense costs incurred for Gary-Williams from November 7, 2014 through September 14, 2015 did not add to the defense costs that would have been incurred on behalf of Wynnewood, CVR Energy, and CVR Partners during that time period.
>
> 9. In the foregoing paragraphs 7 and 8 I use the term "negligible amount" to mean much less than five percent of the defense costs incurred in connection with the Mann-Smith Litigation.

ECF No. 49-1, ¶¶ 7–9.

These statements, taken as true and construed in the light most favorable to CVR Energy as the nonmovant, are sufficient to carry any burden CVR Energy may have of demonstrating a reasonable basis on which to allocate defense costs in the particular circumstances of this case. The Smithyman declaration demonstrates that, with the possible exception of no more than five percent of the total defense costs incurred in connection with the state court suit, all of the defense costs at issue in this case can be reasonably allocated to the defense of CVR Energy. That those costs may have simultaneously advanced the defense of other entities under one or more of the policies does not undermine this conclusion. *Cf. Lowen Valley*, 892 F.3d at 170–72.

In their reply, Defendants contend that Smithyman's declaration is conclusory. ECF No. 53, pages 3–4. It is not. The declaration is based on Smithyman's personal knowledge

and experience with the underlying lawsuit, and its assertion regarding the proportion of defense costs attributable to the defense of CVR Energy is closely tethered thereto. Also without merit is Defendants' charge that Smithyman's declaration purports to provide an expert opinion despite the fact that CVR Energy has not designated or disclosed any expert witnesses or reports. ECF No. 53, pages 3–4. To the contrary, Smithyman's assertions are based on his personal knowledge of the facts of this particular case and therefore constitute fact, not opinion, testimony. Even if Smithyman's declaration constituted opinion testimony, it is lay opinion testimony, not that of an expert. *See* Fed. R. Evid. 701 (lay opinion testimony permissible if "rationally based on the witness's perception," "helpful to clearly understanding the witness's testimony or to determining a fact in issue," and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702"). And finally, even if Smithyman's declaration constituted an expert opinion, the Court would recommend that the applicable deadline be extended so that this case may be determined on the substantive merits.

Defendants' motion for summary judgment on these grounds should be denied.

### III. Other Arguments

In the report and recommendation on Defendants' motion to dismiss, the Court concluded that Plaintiff CVR Energy's payment of the WC/EL Policy's $500,000 deductible counts toward the exhaustion of the CGL Policy's $1 million self insured retention ("SIR"). *February R&R*, 2018 WL 1472693 at *8–*10. In its motion for summary judgment, Defendants now argue that CVR Energy "cannot carry its burden to allocate such credit," allegedly because CVR Energy maintains that "the $500,000 deductible was

9

paid for workers' compensation benefits, not defense costs." ECF No. 45, pages 18–19. Because this argument contradicts the Court's prior ruling, which has been adopted, it does not provide a valid basis for summary judgment. Moreover, during oral argument, Defendants admitted that there is only one deductible, not separate deductibles for workers' compensation and employer's liability. Therefore, it is irrelevant that CVR Energy met the deductible under the workers' compensation portion of the policy instead of the employer's liability portion.

Defendants also contend that they are entitled to summary judgment on CVR Energy's claims for breach of contract, violations of the Texas Insurance Code, and violations of the common-law duty of good faith and fair dealing because CVR Energy "cannot show 'independent injury' in respect to the handling of defense costs," citing the Texas Supreme Court's opinion in *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479 (Tex. 2018). ECF No. 45 at pages 23–24. The independent injury rule is a complex doctrine, as the decision in *Menchaca* attests. *See* 545 S.W.3d at 499–500; *see also Lyda Swinerton Builders, Inc. v. Oklahoma Sur. Co.*, 903 F.3d 435, 451–53 (5th Cir. 2018) (examining *Menchaca*'s holding regarding the independent injury rule and observing that the Fifth Circuit had itself misconstrued Texas law on the topic). Defendants' conclusory invocation of the independent injury rule does not satisfy their initial burden as the summary judgment movant, *see Celotex*, 477 U.S. at 330–31, nor does it constitute adequate briefing of the issue. Defendants are therefore not entitled to summary judgment.

## CONCLUSION

The Court RECOMMENDS that Defendants' motion for summary judgment be DENIED.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed at Houston, Texas, on November 27, 2018.

_____

**Dena Hanovice Palermo
United States Magistrate Judge**